## James W. Campbell v. The Preferred Mutual Accident Association of New York, Appellant.

*Insurance—Accident insurance—Notice of injury—Evidence.*

In an action against an accident insurance company, where defendant claims that no notice of the injury was sent within ten days as required by the policy, if the plaintiff swears positively in his examination in chief that the notice was sent within the ten days, the case is for the jury, although the plaintiff's testimony on cross-examination is confused and contradictory.

*Practice, C. P.—Trial—Evidence.*

If there are several facts in dispute and the establishment of all of them is essential to the maintenance of the suit, the defendant who questions the sufficiency of the evidence to support the plaintiff's claim as to one of them ought in his request for instructions to designate the fact to which his contention applies.

Argued Oct. 25, 1895. Appeal, No. 121, Oct. T., 1895, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1894, No. 203, on verdict for plaintiff. Before STER-RETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a policy of accident insurance. Before POR-TER, J.

At the trial, it appeared that the plaintiff was injured on May 7, 1892, while assisting his hired man to move a log of wood. The policy under which he was insured in defendant's company required notice of the injury to be sent to the company within ten days of the accident. On May 28, 1892, the following letter was sent to the company by plaintiff:

" Dear Sir : I inclose doctor's certificate of my condition from a very bad sprained back which I received May 7th while assisting my laboring man to remove a log."

The doctor's certificate was as follows:

"PITTSBURGH, May 28, 1892.

" This certifies that Mr. James W. Campbell is still laid up from the effects of an injury to his back, in the form of a sprain received on May 7th.  He is still unable to do any kind of business, and is under my professional care.

"R. M. SANDS, M. D.

" Office 4401 Butler St."

Plaintiff testified in his examination in chief that the company had been notified of the accident within ten days of its occurrence.

On cross-examination plaintiff was shown his letter of May 28th., and was asked whether that was the letter he sent the company: A. That is my writing.  I don't say that is my first letter, because it is the doctor's certificate.  Q. Well, this is not the doctor's certificate.  A. I inclosed it.  Q. What is the date of that?  A. May 28th.  Q. You said yesterday, I believe, that it was two or three weeks afterward that you notified them ?  A. I thought so.  I was in such pain—I can't say—Q. You still think so, don't you?  A. What?  Q. That it was two or three weeks afterward before you notified the company.  A. It can't be, according to that date.  Q. Well, what is your impression?  A. My impression is when I see that date that it was not.  Q. What was the date of your accident?  A. May 7th.  Q. What makes you say then that it could not have been two weeks after the accident when this date is May 28th?  A. You said three weeks.  Q. Didn't you say yesterday that it was more than ten days after the accident when you sent notice to the company?  A. As I said yesterday, I notified Mr. Nesbit, I think, on Tuesday.  Q. The notice you sent to the company, wasn't that more than ten days after the accident?  A. I can't tell.  Q. Didn't you state yesterday that it was?  A. I stated yesterday, I think, to the best of my knowledge, that it was.  Q. And isn't it to the best of your knowledge to-day that it was more than ten days?  A. Yes, sir.

Redirect examination : Q. You stated this morning that you

thought you had written to the company during the week following the accident, simply notifying them that you had been hurt, and then on cross-examination you stated that it was two weeks before you forwarded proof. Tell us which was right? Objected to. Q. What now is the best of your knowledge and belief as to the time you first wrote to the company after you were hurt? A. That it was within the time. Q. Within what time? A. Within ten days.

By the Court: Q. Within ten days of the time you injured your back by lifting? A. Yes, sir; seeing the date there satisfies me. It says there that I am " still laid up."

By Mr. Edwards: Q. What date did you see that satisfied you? A. It was May something.

Papers shown witness dated May 28th.

Q. Is that ten days after you were hurt? A. I am satisfied that it was before this some considerable time.

By Mr. Langfitt: Q. That you first wrote? A. Yes, sir; because we couldn't get the papers unless there was mail matters passed back and forward. Q. And that was not the first communication? A. It couldn't have been. Q. As a matter of fact did you write between the date you were hurt and that date? A. I did. Q. And you are satisfied that that letter was sent within a week or ten days of the time you were hurt? A. Within a week or ten days. Q. Would you testify that to the best of your knowledge that it was inside of ten days? A. Yes, sir. Q. And is this communication of May 28th a second communication? A. That is the second communication.

By Mr. Edwards: Q. Why you think that is because the certificate you inclosed is a printed circular sent by the company that Dr. Sands filled out? A. I think so. Q. I show you exhibits Nos. 10 and 11. A. That's all right. Q. Didn't you state yesterday on the stand that the first notice you gave to the company, not to Mr. Nesbit, but to the company, was more than ten days after the accident? A. I suppose I did. Q. And didn't you state about twenty minutes ago that it was now your best recollection and belief that you did not send this notice or have it sent for more than ten days after the accident? A. I suppose I did. Q. Then, what changed your mind within the last fifteen minutes? A. Showing me that date satisfies me. Q. The date that is three weeks after the

accident? A. The doctor states distinctly here that " he is still laid up," which satisfied me that there were communications passing back and forward.

Defendant's point was as follows :

1. Under all the evidence, the verdict must be in favor of the defendant. *Answer:* This point is refused. There are questions of fact which must be passed upon by the jury. [1]

Verdict and judgment for plaintiff for $708.50. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*G. W. Williams, Albert J. Edwards* with him, for appellant.— Notice within ten days was an essential condition of the contract: Trask v. Ins. Co., 29 Pa. 198; West Branch Ins. Co. v. Helfenstein, 40 Pa. 289; Edwards v. Ins. Co., 75 Pa. 378; Beatty v. Ins. Co., 66 Pa. 9; Gamble v. Accident Assn., 4 Irish, 204; Gould v. Ins. Co., 134 Pa. 570.

Where the plaintiff has so contradicted himself as to a material part of his case there is no legally sufficient testimony for the jury to pass upon: Hyatt v. Johnson, 91 Pa. 196; Longenecker v. P. R. R., 105 Pa. 328; Cover v. Maney, 115 Pa. 346; McKnight v. Bell, 135 Pa. 373; Ely v. R. R., 158 Pa. 233.

An alleged waiver to be effectual must be such waiver as the parties agree upon in their contract: Imperial Fire Ins. v. Dunham, 117 Pa. 460; Gould v. Ins. Co., 134 Pa. 570; Waynesboro Mut. Fire Ins. v. Conover, 39 Leg. Int. 54.

*J. A. Langfitt,* for appellee.—Where there is more than a scintilla of evidence upon a question of fact it should be submitted to the jury: Gates v. Watt, 127 Pa. 20; Weaver v. Craighead, 104 Pa. 288.

OPINION BY MR. JUSTICE McCOLLUM, January 6, 1896 :

The only question presented for our consideration on this appeal is whether the plaintiff complied with the condition in his policy in regard to notice of his injury. He received it on the 7th of May and the condition required that he should give notice of it to the company within the next ten days, or forfeit his claim to compensation for it under his policy. It

was therefore necessary for the plaintiff, in order to maintain his suit, to show that the notice demanded by the condition was given to or waived by the company. The plaintiff claimed and testified on the trial that he gave the notice within the time prescribed by the condition, and the verdict shows that the jury were satisfied that he did so. The company now contends that his testimony on this point was so confused and contradictory that the court ought to have withdrawn it from the jury and directed a verdict for the defendant on the ground that the notice was not given in time. Before considering this contention on its merits it is proper to note that while the company requested the court to say to the jury that under all the evidence the verdict should be for the defendant it also requested an instruction that if they found from the testimony that the plaintiff failed to give the notice required by the policy he could not recover. The first request was refused and the second was affirmed. There was no request for an instruction that the plaintiff's testimony as to notice was insufficient to warrant a finding that notice was given, unless the request for an instruction to find for the defendant can be regarded as including it. It seems to us therefore that the question presented on the appeal was not fairly raised on the trial. If there are several facts in dispute and the establishment of all of them is essential to the maintenance of the suit, the defendant who questions the sufficiency of the evidence to support the plaintiff's claim as to one of them ought in his request for instructions to designate the fact to which his contention applies. We do not decide that the failure of the company to request specific instructions on the point under consideration is fatal to their appeal, because this is a matter not mentioned on the argument or in the paper-books. What is here said about it may be regarded as a suggestion by the writer of what seems to him as a proper practice in a case like the one now before us.

It is true as contended by the company that the plaintiff's testimony in regard to the time of the notice was somewhat confused and contradictory, and the fact that it was so furnished a basis for a persuasive argument to the jury against it. But a careful examination of it has failed to convince us that the court would have been justified in withdrawing it from the jury and directing a verdict for the defendant. The contra-

dictions in his testimony affected his credibility as a witness, and the jury were the proper judges of that. We cannot find in the cases cited by the company any warrant for holding that it was error to submit to the jury the question of notice. The evidence that it was properly given was more than a scintilla. The plaintiff testified positively that it was given to the company within the time prescribed by the policy. The jury saw him upon the stand and heard him testify. The testimony was competent and it was for them to say what weight should be given to it.

The specifications are overruled.

Judgment affirmed.